**Leonard D. HASKINS**

v.

**Warden LEARS and the Administrative Office.**

**Civ. No. Y–82–507.**

United States District Court, D. Maryland.

Sept. 30, 1982.

Leonard D. Haskins, pro se.

Patricia E. McDonald, Asst. Atty. Gen., Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

JOSEPH H. YOUNG, District Judge.

Plaintiff brought this § 1983 suit alleging that certain items in his prison file were not taken to his probation hearing. However, plaintiff does not specify which items were not taken to his probation hearing or how the absence of these items could affect a decision by the parole board.

■ This Court is not aware of any authority on the precise issue presented by plaintiff's complaint. While there is no constitutional requirement that a prisoner have access to his files, *Franklin v. Shields,* 569 F.2d 784 (4th Cir. 1978) (en banc), *aff'd in part and rev'd in part,* 569 F.2d 800 (4th Cir. 1977), *cert. denied,* 435 U.S. 1003, 98 S.Ct. 1659, 56 L.Ed.2d 92 (1978), the Fourth Circuit has held that "in certain limited circumstances a claim of constitutional magnitude is raised where a prisoner alleges: (1) that information is in his file, (2) that the information is false, and (3) that it is relied on to a constitutionally significant degree." *Paine v. Baker,* 595 F.2d 197, 201 (4th Cir.), *cert. denied,* 444 U.S. 925, 100 S.Ct. 263, 62 L.Ed.2d 181 (1979). Since the law normally views a material omission as equivalent to a material falsehood, *e.g.,* 15 U.S.C. § 78n(e), reasoning from *Paine,* the elements of a claim alleging that prison officials did not take certain items in a prisoner's file to the prisoner's probation hearing are: (1) the items were in the prisoner's file prior to the hearing, (2) the items were not in the prisoner's file at the time of the hearing, and (3) the failure to bring the items to the hearing affected the parole board's decision.

■ Because plaintiff fails to specify which items were not taken to the probation hearing or how the absence of these items could affect a decision by the parole board, plaintiff does not satisfy any of the three elements that must be alleged to state a claim.

■ Even if plaintiff did satisfy the three elements, there is an additional reason why defendants' motions to dismiss must be granted. Plaintiff, by his own admission, did not request that defendants put the omitted items back in his file. What the *Paine* court said about the jurisdictional requirement of making an application to the prison officials to expunge false information in a prison file applies equally to the case at bar:

We have today announced a right secured to state prison inmates by the Constitution, to have prejudicial erroneous information expunged from their prison files; but we think that, as a jurisdictional predicate to filing an action under § 1983, the inmate must allege that the prison officials have deprived him of this

right. This means that application for expunction must be made in the first instance to prison authorities....

State prison authorities cannot be said to have denied an inmate's right to have erroneous information expunged from his file, unless they have been requested to do so and have refused. The prior application to prison authorities is a means to forestall a threatened deprivation of constitutional rights; after such application the erroneous information may be expunged and the inmate would then have " 'nothing to complain about in either a state or federal court' "....

An inmate who believes his file to contain false information should notify prison officials of this fact in writing, specifying what information he believes is false and what the true facts are. The prison officials will be given a reasonable time to respond. If the officials inform the inmate that the challenged information is not in fact in his file, no further action will lie, as we presume the good faith of prison authorities. If the officials find that erroneous information is contained in the file, the information should be expunged and the inmate so notified. If the officials inform the inmate that the challenged information is in his file, but they consider it to be correct, the inmate should be informed of the basis of the officials' belief and the inmate's letter should be placed in his file. The inmate will have an action in district court under § 1983 to challenge the validity of the information and seek its expunction; but while such action is pending, any persons examining the file will be put on notice that a dispute exists as to the validity of certain facts. An action will also lie where prison officials fail to respond to the inmate's request within a reasonable time. Having requested relief from the prison authorities and been denied same, the inmate can affirmatively plead that he has been deprived of a constitutional right—the language of § 1983.

*Paine v. Baker,* 595 F.2d at 202–03 (citations and footnotes omitted). *Accord Buk-*

*hari v. Hutto,* 487 F.Supp. 1162 (E.D.Va. 1980).

For the reasons stated herein, it is this 30th day of September, 1982, by the United States District Court for the District of Maryland, ORDERED:

1. That defendants' motions to dismiss BE, and the same ARE, hereby GRANTED; and

2. That the Clerk forward a copy of this Memorandum and Order to each party.